(No. 3861—

RUTH C. MARSHALL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1947.*

FRANK R. EAGLETON, for claimant.

GEORGE F. BARRETT, Attorney General for respondent, C. ARTHUR NEBEL, Assistant Attorney General, of counsel.

DAMRON, J.·

On June 27, 1944, Ruth C. Marshall filed her complaint in this Court, alleging that on August 16, 1941 she was a duly certified employee of the respondent under the Civil Service Act. The complaint alleges that she was employed as a Junior Clerk in the Retailers' Occupation Tax Division of the Department of Finance, and on the last mentioned date received a "lay-off notice" effective August 18, 1941; that the reason for said lay-off was "retrenchment-inadequate appropriation".

It is further alleged in said complaint that on or about September 19, 1941, she was given suspension notice, the reason therefor being that she sought to affect the result of an election and took an active part in political campaigns contrary to the rules of the Illinois State Civil Service Commission. It is further alleged that on September 26, 1941, written charges were filed with the Illinois State Civil Service Commission by the Director of Finance and that she was given notice thereof by the mailing of a copy to her at her home address.

It is further alleged that a hearing was held before the Civil Service Commission on the 24th day of January 1942 as a result of which the removal of the claimant from her position was directed, a copy of which decision was mailed to her. She alleges in her complaint that

during all of this time she held herself available for work and tendered her services to the respondent.

The questions for this Court to Determine are (1) Did the respondent have the legal right to suspend her on August 18, 1941 due to lack of funds and (2) Were the charges before the Civil Service Commission legally presented and its decision properly rendered.

Chapter 24½ (Civil Service) Par. 14a, Ill. Rev. Stat. 1945 provides, "whenever it becomes necessary, through lack of funds or work, or other cause, to reduce the force in any employment in any department, the person who was last certified to said employment shall be first laid off. . . . Any employee whose position has been abolished through lack of work or funds, may, upon application, have his name placed on the reinstatement list from which he was appointed according to the examination and seniority of his classification. . . ."

Under this section of the Statute, the respondent had the authority to lay off this claimant due to lack of.funds. Claimant contends in her brief, statement, and argument that sufficient funds did exist at the time the lay-off notice was served upon her but there is no proof in the record supporting this contention and the burden of proof was upon her to prove this fact.

The remaining question to be decided by this Court is whether or not she was lawfully discharged in accordance with the provisions of the Civil Service Act by the Civil Service Commission on written charges for taking an active part in political campaigns.

The record discloses that charges were preferred against this claimant for political activity and that notice of said charges was directly served upon claimant, that a hearing was had, testimony offered in support of the charges; that claimant was represented by counsel at

said hearing but offered no evidence on her behalf. The charges were sustained according to the report of the President of the Illinois Civil Service Commission which is a part of this record; thereafter, claimant failed to request a rehearing of the Civil Service Commission and did not appeal from the findings of said Commission in the manner provided by the Statute.

Claimant cites the case of *Hatcher* vs. *State*, 12 C.C.R. 304 and *Rogers* vs. *State*, 14 C.C.R. 152 in support of her position that she is entitled to recover her wages from the time of her lay-off to the time of her suspension notice. The Hatcher case, supra, is a claim under the Workmen's Compensation Act and has no bearing on this claim. In the Rogers case, claimant was illegally discharged by her employer without the prior consent of the Civil Service Commission and was later re-employed. The record discloses that she was wrongfully prevented from performing her duties to which she was assigned. This case is not in point. Here we find this employee, Ruth C. Marshall, was first laid-off for a period of one month due to lack of sufficient funds to pay her. This action was proper under the Statute. During this lay-off period, charges were filed against her for political activity. These charges were sustained by the Civil Service Commission. Claimant was duly represented by counsel at the trial, no appeal was filed and the findings of the Commission are now in full force and effect.

In *Huwald* vs. *State*, 12 C.C.R. 305, we held where an employee under Civil Service is discharged, and the order of discharge is not set aside by the Commission on complaint filed by the employee and heard by it, such discharge is effective from the date made and not from the date of the final hearing on the complaint. The burden of proof rests upon this claimant to prove her right to

an award by clear preponderance of the evidence and having failed to do so, this claim for wages in the sum of $800.00 from September 18, 1941 to February 7, 1942 inclusive, must be denied for the reason that claimant was lawfully discharged under the provisions of the Civil Service Act.